**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

PAUL J. ALLEN,

       Petitioner,

v.                           CASE NO:  8:11-cv-2837-T-23TBM

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

       Respondent.

_____/

**O R D E R**

      **THIS CAUSE** comes before the court on a *pro se* petition for the writ of habeas

corpus filed pursuant to 28 U.S.C. § 2254 by Florida prisoner Paul J. Allen ("Allen").

Allen challenges a judgment and sentence rendered in the Circuit Court for Pasco County,

Florida.  (Doc. 1)  The respondent filed a response to the petition along with the relevant

portions of Allen's state court proceedings.  (Doc. 11)  Allen did not file a reply to the

response and the time for doing so has lapsed.  (See Doc. 8, p. 3)

**Procedural History**

      On December 30, 2008, the State of Florida charged Allen with four counts of sale

of cocaine, four counts of possession of cocaine, one count of sale of alprazolam and two

count of dealing in stolen property.  (Doc. 11, Ex. 1)  On October 21, 2009, Allen pleded

no contest to the charges in exchange for five years in prison.  (Id. at Ex. 2)  On

November 5, 2009, he was adjudicated guilty and sentenced to five years on each charge, to be served concurrently.  (Id. at Ex. 3, pp. 1, 5-16)  Allen did not pursue a direct appeal.

On November 11, 2011, Allen filed in the trial court a motion for post-conviction relief, pursuant to Florida Rule of Criminal Procedure 3.850.  (Id. at Ex. 4)  He raised a single claim for relief, asserting that his convictions under section 893.13, Florida Statutes, should be overturned inasmuch as the drug statute is unconstitutional for failing to provide a *mens rea* element.  (See id. at Ex. 4, pp. 1-3)  Allen relied on Shelton v. Sec'y, Dep't of Corr., 2011 WL 3236040 (M.D. Fla. July 27, 2011), which determined that, by eliminating *mens rea* as an element, section 893.101 was a strict liability statute violative of due process.  The trial court denied the motion, finding that the federal district court opinion was not binding.  (See Ex. 5, p. 1)  The court added that controlling state law held that the statute under which Allen was charged and sentenced was constitutional.  (See id. at pp. 1-2)  Allen appealed the trial court's decision on December 15, 2011.  (Ex. 6)  The Second District Court of Appeal affirmed the decision *per curiam* on August 24, 2012.  Allen v. State of Florida, No. 2D11-6348, 2012 WL 3641877 (Fla. Dist. Ct. App. Aug. 24, 2011).

## **Timeliness of Petition**

Allen filed his 28 U.S.C. § 2254 petition on December 19, 2011.  Proceeding on the single claim for relief that he raised in his Rule 3.850 motion, Allen claims his convictions under section 893.13, Florida Statutes, should be overturned inasmuch as the drug statute is unconstitutional for failing to provide a *mens rea* element.  His petition is

governed by the Antiterrorism and Effective Death Penalty Act ("the AEDPA") effective April 24, 1996.

The AEDPA imposes on all habeas corpus petitions a one-year limitation, which in most cases begins to run from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A); see also Bond v. Moore, 309 F.3d 770, 772 (11th Cir. 2002). The statute of limitations begins to run "from the date the judgment pursuant to which the petitioner is in custody becomes final, which is the date both the conviction and sentence the petitioner is serving becomes final." Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1288 (11th Cir. 2007). Allen had thirty days from November 5, 2009, the day on which his judgment and sentence were filed, to appeal his conviction to the state district court. Fla. R. App. P. 9.110(b); see also Bridges v. Johnson, 284 F.3d 1201, 1202 (11th Cir. 2002). In other words, his judgment and sentence became final on December 7, 2009.

The time during which a "properly filed" application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward the limitation period. 28 U.S.C. § 2244(d)(2); see also Artuz v. Bennett, 31 U.S. 4 (2000). Under Artuz, the Court looks to the state procedural rules governing filings to determine whether an application for state post-conviction relief is "properly filed." Wade v. Battle, 379 F.3d 1254, 1259-60 (11th Cir. 2004). The respondent correctly argues that Allen's one-year limitation expired on December 7, 2010. Allen filed his Rule 3.850 post-conviction motion on November 11, 2011, well

after the one-year limitation expired.  Filed more than one year after the finality of his judgment and sentence, Allen's post-conviction motion is not a tolling motion for purposes of computing AEDPA limitation.  Any collateral proceedings filed after December 7, 2010 (the end of the one year time limitation) will not toll the statute of limitations because no period remains to be tolled.  Tinker v. Moore, 255 F.3d 1331, 133 (11th Cir. 2001).  In total, Allen had 742 days of idle time (*i.e.*, time with no pending, tolling petition) from the "finality date" of his 2008 conviction and sentence to the filing of his federal habeas petition.

Unless Allen is able to establish that he is entitled to start the AEDPA clock at a later date, see section 2244(d)(1)(B)-(D), or is entitled to equitable tolling of the limitations period, the petition is time-barred.  The Supreme Court has held the AEDPA's limitations period set forth in "§ 2244(d) is subject to equitable tolling in appropriate cases."  Holland v. Florida, 130 S. Ct. 2549, 2560 (2010).  However, a petitioner is entitled to equitable tolling only if he can demonstrate (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way.  Id. at 2562 (internal quotations and citations omitted).  "The diligence required for equitable tolling purposes is 'reasonable diligence,' not maximum feasible diligence."  Id. at 2565.  Second, to demonstrate "extraordinary circumstances," a petitioner "must show a causal connection between the alleged extraordinary circumstances and the late filing of the petition."  San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011).  "The burden of

proving circumstances that justify the application of the equitably tolling doctrine rests squarely on the petitioner." Id. at 1268 (citations omitted).

Allen argues entitlement to a delayed start of the limitation based on Shelton, which he contends is newly discovered evidence. However, Allen does not demonstrate that he exercised "reasonable diligence" to warrant equitable tolling. Holland, 130 S. Ct. at 2565. Although Shelton was not issued until July 27, 2011, no impediment precluded Allen from raising his constitutional challenge relative to the drug statute at an earlier date. He failed to do so and instead delayed unreasonably and brought an available claim for relief well after his judgment was final. Under long-established principles, Allen's lack of diligence precludes the use of equity. Pace v. DiGuglielmo, 544 U.S. 408, 419 (2005). Allen also fails to allege any facts amounting to extraordinary circumstances that prevented his timely filing his federal habeas petition.

Lastly, both Allen's untimely state motion for post-conviction relief and his federal petition are based on Shelton. The district court's decision in Shelton (holding that Florida's drug statute is unconstitutional for failing to provide a mens rea element) affords Allen no benefit because the district court's decision was reversed on appeal. Shelton v. Sec. Dep't of Corr., ___ F.3d ___, 2012 WL 3641008, *5 (August 24, 2012) (holding that the district court's "fail[ure] to accord deference to the state court decision" violated the AEDPA). See also State v. Adkins, ___ So. 3d ___, 2012 WL 2849485, *10 (Fla. July 12, 2012) (holding that shifting the mens rea requirement to the defendant as an affirmative defense violates no "requirement of due process articulated by this Court or

the Supreme Court."). Consequently, Allen's petition is time-barred by the AEDPA's limitation and warrants dismissal under § 2244(d).

Accordingly, the petition for writ of habeas corpus is **DENIED**. The Clerk is directed to enter judgment in favor of the respondent and close this case.

The court declines to issue a certificate of appealability because Allen has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the court authorize Allen to proceed on appeal *in forma pauperis* because such an appeal would not be taken in good faith. <u>See</u> 28 U.S.C. § 1915(a)(3).

ORDERED in Tampa, Florida, on September 17, 2012.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

<u>COPIES FURNISHED TO</u>:
*Pro se* Petitioner
Counsel of Record